MITCHELL vs. LENOX and others.

Where a party assigns his property, in trust, for the benefit of creditors, and new trustees are afterwards substituted in the place of the old ones, who assign their trust (with the knowledge of the original assignor): *Held*, that such assignor cannot file a bill for an account against the first trustees, without, at least, joining the last trustees in the suit. It would be dismissed, not being amendable.

*October* 16, 1832.

*Practice.*
*Parties.*

THIS was a bill for an account.

By an assignment, bearing date the twentieth day of January, one thousand seven hundred and ninety-eight, the complainant granted and assigned all his estate, both real and personal, to the defendants, Lenox and Taylor, and one Stevenson, since deceased, as joint tenants; upon trust, after paying some preferred debts, to divide the residue of the proceeds of the assigned property amongst such other creditors as should come in under the assignment and discharge the assignor. The trustees were to account for the surplus and residue undisposed of and re-assign the same to him.

The complainant charged, that the estate assigned was more than sufficient to pay all his debts and the trustees had been remiss in suffering mortgages to be foreclosed and some of the lands to be sacrificed. In his bill, he also declared he was ignorant as to whether all the debts had been paid; but charged there was a large surplus which they ought to account for and pay over to him.

In the first instance, a demurrer was interposed, on the ground of a want of parties. The bill was afterwards amended, by bringing in the creditors and making them defendants: see 2 *Paige's C. R.* 280. It had been taken as confessed against them for want of appearances.

The defendants, Taylor and Lenox, by their answer, admitted the making and execution of the assignment; and that

some money came to the hands of the former, which, with the mode of its application, was set forth in a schedule. The answer then stated, in substance, that the complainant continued in the possession and management of the personal estate a considerable time after the assignment was made ; and collected divers of the debts himself, while, out of the monies, he paid some of the debts which were provided for by the assignment. Also, that afterwards, and in the execution of the trusts, the defendants found how several of the remaining debts due to the complainant had been previously assigned by him; and most of the others barred by lapse of time. That the most valuable parts of the real estate were mortgaged for amounts exceeding what they could be sold for, while other portions, not mortgaged, were greatly overvalued and were unsaleable at the prices set upon them by the complainant; that no funds adequate to redeem the mortgaged lands could be derived from the trust estate, and it was impracticable to sell them so as to meet the expectations of the complainant and his creditors, unless in parcels and upon long credit; and that, under the circumstances and the creditors appearing anxious to have the affairs of the trust estate brought to a close, and the trustees being convinced they could not accomplish the objects of the trust satisfactorily, they (the trustees) signified their desire to be relieved from the further execution of the trusts.

The answer of these defendants set forth, a general meeting of the creditors ; and that it was then and there agreed to appoint other trustees in the place of the defendants. Accordingly, James M'Evers, David A. Ogden, and John Day, were nominated as such substituted trustees; and on the eighth day of February, one thousand eight hundred and twelve, the defendants, Taylor and Lenox, by deed, assigned all the then trust estate to them. That, the same was accepted by the new trustees, upon like trusts as were contained in the original assignment ; and these defendants afterwards delivered over the books of account, vouchers, securities, title deeds, and documents appertaining to the trust estate to the new trustees : and the same had ever since remained in the possession or under the control of the latter or the survivor of them,

1832.

MITCHELL
*v.*
LENOX.

who had proceeded in the execution of the trusts, collected the debts, as far as they were able, sold the real estate, and divided the money among the creditors ; and that the trusts were still in a course of execution by John Day, the then only surviving trustee.

On these accounts, the defendants, Taylor and Lenox, claimed an exemption from all liability to account to the complainant for any part of the trust estate.

The testimony is sufficiently referred to in the opinion of the court.

Mr. *J. S. Mitchell,* for the complainant.

Mr. *Thomas L. Ogden,* for the defendants.

*January* 14,
1833.

THE VICE-CHANCELLOR. The fact of new trustees having been appointed, coupled with the transfer from the defendants to them, is matter set up in the answer by way of avoidance ; and requires to be proved.

The deed, transferring the remainder of the property with the trusts, is produced ; and becomes evidence. Still, it is insisted, on behalf of the complainant, that it cannot take away his right to an account from his immediate assignees : it not being shown he was privy or consenting to the appointment of the new trustees, or to the making of the deed of transfer.

This instrument, upon it face, purports that the complainant was a party to it and was made with his assent, signified by his being a party to the same. Nevertheless, the deed was not executed by him ; neither have the defendants given or assigned any reason why it was not. Whether he refused, or whether his omission to sign and seal it was an oversight, is not explained.

There appears, however, to have been no concealment about the deed. Its execution was proved by one of the subscribing witnesses before a master in chancery on the twenty-first day of April, one thousand eight hundred and twelve ; and on the thirtieth day of the same month it was recorded in the office of the secretary of state at Albany and also in May, one

thousand eight hundred and thirteen, in the office of the clerk of Chenango county, (where some of the lands are situated )

Even though the complainant might not have been privy to the making of the deed of transfer or to the transfer itself, at the time the same took place, yet, from the publicity given to the deed by these proofs of execution and recording, it is fair to infer, that the complainant became acquainted with the fact of its existence soon after it was made. Indeed, this is a matter not left to inference : there is positive proof on the subject.

Brower, who was a clerk in the house of Mr. Day, testifies, that in April, one thousand eight hundred and twelve, Mr. Day, one of·the substituted trustees, became charged with the management of the estate of the complainant, in the capacity of assignee or trustee. He produces the original book of entries kept by Mr. Day, in relation to the property ; and he goes on to say, that Mr. Day continued in the active management until he removed to England in the year one thousand eight hundred and twenty-five—and where he still resides. By the evidence of this witness it appears, that during such management the complainant was frequently at the counting house of Mr. Day, and had repeated conversations with him : all of which, as the witness believed, had reference to the trust estate—because they had no other business or transactions with each other, so far as he ever heard. It further appears, from the testimony of this witness and from the books, that two dividends were declared by Mr. Day and his co-trustees, one of seven per cent. on the fifteenth day of November, one thousand eight hundred and fifteen and the other of fifteen per cent. on the twentieth day of May, one thousand eight hundred and twenty-two ; and that the complainant, as attorney for two of the creditors, received their dividends and gave written receipts to Mr. Ogden, Mr. M'Evers, and Mr. Day, (naming them) under the assignment of the twentieth day of January, one thousand seven hundred and ninety-eight.

The complainant, therefore, must have been fully aware of the change of trustees. His long acquiescence, (for it does not appear he ever objected) added to the fact of his receiving dividends, although as attorney, and the creditors generally

receiving dividends from the substituted trustees, amount to a full recognition, as well on his part as on the part of the creditors, that those who were then acting in the trust had been constituted trustees.

The deed, too, amongst other things, recites, that at a general meeting of the creditors convened for the purpose, M' Evers, Ogden and Day were nominated and appointed assignees in the place and stead of Lenox and Taylor. Now, after the lapse of eighteen years, without objection from any quarter, and under the circumstances just mentioned, the court will presume the recital to be true: especially as every thing done in relation to the trust property, since the execution of the deed in one thousand eight hundred and twelve, is perfectly consistent with it. The creditors would be precluded from objecting to the transfer; and I think the complainant is likewise barred, upon the ground of subsequence acquiescence, even though he did not unite in the deed and may not have concurred at the time it was executed: *Harden* v. *Parsons*, 1 *Eden*, 145; *Walker* v. *Symonds*, 3 *Swanst.* 64; *Sadler and Jackson, ex parte*, 15 *Ves.* 52.

If this conclusion be correct, the complainant ought not to have filed his bill in the manner he has done against the first trustees.

His remedy for an account is against their successors in the trust. Even if there be any monies realized from the trust property, not applied or paid over by the first trustees or either of them, still, they cannot be liable to account for it directly to the complainant. It is only through the new trustees and the survivors and survivor of them, and by making them parties to a suit, that any such account can be taken so as to be effectual between the parties. By no possibility can the complainant be benefited until all the debts appear to be paid and a surplus remains.

In every view which can be taken of this case, it is clear that the present surviving trustee, Mr. Day, is a necessary party to a suit for an account of the trust property. It cannot be taken without him; and no decree can be had for a re-conveyance of the lands or of other property to which the complainant

may be entitled, until the present trustee is before the court: the legal title under the second assignment being in him.

Even if it were possible to consider the assignment of the trust estate by the old to the new trustees as altogether unauthorized (and, consequently, a breach of trust on their parts) still, the same objection appears to me to hold good. But, I am not at liberty to view the assignment in such a light. This is not the way in which the complainant has stated his case. He has alleged mismanagement and omission of duty on the part of the defendants, as trustees, in relation to the property, and especially in relation to the lands; and he seeks to make them liable according to a valuation which he, himself, puts upon the property—and which, it is true, is far greater than the amount of his debts. But he has not alleged a breach of trust or any dereliction of duty on the part of the old trustees in parting with the property by means of any assignment and so endeavouring to rid themselves of the character of trustees.

The fact of such an assignment's being made, with the assent and concurrence of the creditors and the complainant, and that trustees were substituted in order to relieve the former ones—all this, too, sanctioned or acquiesced in by the parties in interest—are matters brought forward by way of defence; and being established, I am of opinion it exonerates them from liability to the complainant under the present bill.

On arriving at this conclusion, I have considered, whether the present is a case in which I must dismiss the bill or suffer it to remain, with leave to amend, by making the present surviving trustee a party; and I am satisfied it is not one which ought to be ordered to stand over for such a purpose.

Since the answers were filed, the complainant has persevered in the cause, without attempting to amend so as to make Mr. Day a party; while, the defendants have not only urged the objection, but put their defence upon the broad ground of not being liable at all, and that, if the complainant is entitled to any relief, it is not against them, but the new trustees or the survivor of them.

Where a cause is ordered to stand over for new parties, it must appear that the complainant is or may be entitled to

55

1832.

MITCHELL
v.
LENOX.

some relief upon the case as already made by his bill and that other persons, having an interest in the subject, are not before the court so as to be bound by the decree; and then the amendment requires only the insertion or addition of the names of the new parties. The present is not such a case. Here, the defence set up goes to exonerate the defendants. The complainant could have no relief against them under this bill, even if Mr. Day were made a party defendant. The case must be re-stated, with reference to the second assignment; he must call for a discovery and pray an account of the trust property from the second trustees; and if the first are liable, it can only be for the estate and proceeds which came to their hands anterior to the year one thousand eight hundred and twelve. The account, as to the former part of the trust, can only be taken in connection with the accounts of the latter trustees: in order that it may be ascertained whether there is a surplus—and the amount thereof.

A new bill is obviously necessary. It would be going too far to permit an amendment to such an extent. There is no precedent for it. The cases on the subject are collected and referred to in *Edwards on Parties*, 26, 27.

I must dismiss the bill, with costs; but, without prejudice to the complainant's right to make these defendants parties in a new suit, if he shall think proper to file one against the second trustees or the survivor of them.